# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES HENDERSON, an Alabama resident, ) <br> ) <br> and ) <br> ) <br> CAROL HENDERSON, an Alabama resident ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF HUNTSVILLE POLICE ) <br> DEPARTMENT, ) <br> ) <br> and ) <br> ) <br> CITY OF HUNTSVILLE, ) <br> an Alabama municipality, ) <br> Defendant. ) | Case No. _____ |

## COMPLAINT

**COMES NOW**, Plaintiffs James and Carol Henderson, by and through undersigned counsel, for their complaint against the City of Huntsville Police Department and the City of Huntsville (collectively "the Defendants") and avers the following:

### INTRODUCTION

1. This action arises out of an unconstitutional restriction on a special events permit.

2. Because of this unconstitutional restriction, the Hendersons were placed in an impossible situation, having to choose between giving up their right to free speech or proceed with restricted free speech.

3. The Hendersons now seek to have this restriction struck down as unconstitutional and to be compensated for the deprivation of their federal constitutional rights under the First Amendment and state-law rights.

### PARTIES AND JURISDICTION

4. Plaintiff James Henderson is a resident of Morgan County, Alabama.

5. Plaintiff Carol Henderson is a resident of Morgan County, Alabama.

6. Defendant City of Huntsville Police Department is the law enforcement agency for the City of Huntsville and is located in Madison County, Alabama.

7. Defendant City of Huntsville is located in Madison County, Alabama

8. Plaintiffs seek redress for federal constitutional violations pursuant to 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1243(3).

9. This Court has supplemental jurisdiction to grant relief on state-law claims pursuant to 28 U.S.C. § 1367.

### FACTUAL HISTORY

10. Mr. James Henderson and Mrs. Carol Henderson are married and citizens of Morgan County, Alabama.

11. Mr. and Mrs. Henderson believe that abortion is the willful murder of an unborn child and is contrary to their sincerely-held religious beliefs.

12. Acting upon those beliefs, the Hendersons are long-time abortion counselors and pro-life advocates. Their acts of prayer and sidewalk counseling are acts of sincere religious conduct.

13. The Hendersons, as part of their religious conduct, maintain a regular and lawful presence outside of the Huntsville abortion clinic, Alabama Women's Center, located at 4831 Sparkman Dr NW, Huntsville, AL 35810; and 610, 612, or 614 Madison Street, Huntsville, AL.

14. When they are at either location, they typically stand on the public sidewalk near the clinic and audibly express their views, pray, and counsel to the employees, visitors, and patients who pass by.

15. The Hendersons and similar pro-life advocates are not the only ones to congregate outside the clinic. Pro-choice advocates also counter the pro-life advocates in expressing their views.

16. Pro-choice advocates often force the Hendersons and fellow pro-life advocates off the sidewalk and prevent them from expressing their views.

17. One way in which the pro-choice advocates wrongfully force the Hendersons off the side walk is by maintaining a permit allowing the pro-choice advocates to use the sidewalk exclusively.

18. To prevent the pro-choice advocates from forcing the Hendersons off the sidewalk and in order to freely express their views, James and Carol Henderson properly obtained a special-events permit at the direction of the Huntsville Police Department.

19. The Henderson's renew this permit every six months and have done so for years.

20. Oddly and unexpectedly, in 2017 the City of Huntsville added language to the permit which states that "[t]he amplified sound produced by a participant in the

event shall not be plainly audible inside adjacent or nearby buildings. The amplified sound is plainly audible if the amplified sound be clearly heard inside an adjacent building by a person using his normal hearing faculties, provided that the person's hearing is not enhanced by any mechanical device."

21. The Hendersons, individually and through counsel, have made multiple and concerted efforts to persuade the City of Huntsville that the clause the City added to the permit in 2017 (referenced in paragraph 20), is unconstitutional and should be removed from the permit.

22. On or about September 2018, when the Hendersons went to file their new application, the Hendersons signed the application and wrote a caveat saying "subject to the US and Alabama Constitution and advice of counsel."

23. The Hendersons and their counsel were informed by the City of Huntsville attorney they could not put that caveat in their application.

24. While praying and counseling outside the Alabama Women's Center, the pro-abortion protestors often shout above the Hendersons and other pro-life activists and ring bells to drown them out.

25. In response to the pro-abortion crowd, the Hendersons often have to yell in order to be heard and get their message out.

**STATE ACTION**

26. Defendant City of Huntsville, enacted this ordinance restricting the noise level on the special-events permit under its authority as a municipality.

27. Defendant City of Huntsville Police Department enforced and issued the above mentioned permit including the noise limitation.

## FEDERAL CLAIMS

### Count I

### First Amendment: Freedom of Speech

28. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint, as if fully set forth in this Count.

29. The First Amendment's Freedom of Speech Clause, incorporated and made applicable to state and local governments by the Fourteenth Amendment to the United States Constitution, prohibits abridging the freedom of speech.

30. The Hendersons are pro-life advocates, prayers, and counselors. By praying and doing sidewalk counseling, they are exercising their constitutional right to free speech.

31. An arbitrary noise ordinance like the one used here (referenced in paragraph 20), restricts the Henderson's right to free speech.

32. For example, a building owner may open a window or a door and anyone speaking outside in a normal voice may be heard inside.

33. Thus, the faithful application of the noise ordinance would result in prayers and counselors not being able to speak at all.

34. In addition, the Hendersons would have to guess at whether they could be heard inside or not, and therefore the permit's requirements are unconstitutionally vague.

35. Vague rules raise special First Amendment concerns because of the chilling effect they create on free speech and because they can be enforced in an arbitrary and discriminatory manner.

## Count II

### First Amendment: Free Exercise of Religion

36. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint, as if fully set forth in this Count.

37. The First Amendment's Free Exercise of Religion Clause, incorporated and made applicable to state and local governmental action by the Fourteenth Amendment to the United States Constitution, prohibits burdening the free exercise of religion.

38. The Hendersons have a sincere religious belief that abortion is the wrongful killing of an unborn child. They manifest and otherwise practice that religious belief by, *inter alia*, peacefully praying and counseling outside the Alabama Women's Center in Huntsville, Alabama, engaging in sidewalk counseling, otherwise communicating that religious belief to people going into or exiting that property, and fellowshipping with like-minded religious believers who are also peacefully praying and counseling outside the property.

39. Defendants knowingly or intentionally violated the Hendersons' right to the free exercise of their religion.

40. By enforcing an arbitrary and restrictive ordinance on a special events permit for prayers and counselors, Defendants are restricting Plaintiffs' right to the free

exercise of their religion.  If they are unable to speak what they believe and counsel people in a way like proselytizing, they will not be able to exercise their religion.

41. Because the Defendants' actions violate both the Free Speech and Free Exercise Clause, the Free Exercise claim is entitled to strict-scrutiny review under the hybrid-rights doctrine of *Employment Division v. Smith*, 494 U.S. 872 (1990).

42. The permit's requirements do not serve a compelling state interest.

43. Even if there is a compelling state interest, this is not the least restrictive means of serving that interest.

44. Thus, the Defendants have violated the Hendersons' right to Free Exercise of Religion.

## PRAYER FOR RELIEF

Wherefore, the Plaintiffs request the Court:

a. Award Plaintiffs actual and compensatory damages from Defendants, jointly and severally;

b. Award Plaintiff's punitive and exemplary damages as allowed by law;

c. Award Plaintiffs reasonable attorney fees and expert witness fees pursuant to 42 U.S.C. § 1988, and as otherwise provided by law;

d. Award such other and further relief as the Court deems proper and just.

Respectfully submitted this 13th day of March, 2019.

    /s/ *Samuel J. McLure*
Samuel J. McLure (MCL-056)
*Attorney for the Plaintiffs*
PO Box 640667
Pike Road, AL 36104

334-546-2009
sam@mclurelaw.com

 /s/ *Matthew J. Clark*
Matthew J. Clark
*Attorney for the Plaintiffs*
PO Box 179
Montgomery, AL 36101
256-510-1828
mclark@clarklawgroup.org